IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| STATE OF ALABAMA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 02-PT-3070-E |
| ) | |
| JARRED HARRISON d/b/a ) | |
| TRUCKERS GIFTS, LLC, ) | |
| ) | |
| Defendants. ) | |

**ENTERED**
JAN 2 9 2003

## MEMORANDUM OPINION

This cause comes on to be heard upon Plaintiff State of Alabama's ("The State") Motion to Remand, filed on December 26, 2002.[1]

## FACTS AND PROCEDURAL HISTORY

Defendant Jarred Harrison d/b/a Truckers Gifts, LLC ("Harrison") operates a business located in Lincoln, Alabama. On December 12, 2002, an undercover purchase of allegedly "obscene" material was made from Harrison's business. After the authorities made the purchase, an affidavit and request for search warrant were prepared and presented to Presiding Judge Jerry L. Fielding in the Circuit Court of Talladega County, Alabama. The affiant presented the obscene material for review along with the request for a search warrant "[s]ince the subject matter contained [therein] relate to rights guaranteed under the First Amendment of the United States Constitution." *See* Patterson Aff. at 2. Judge Fielding made a finding of probable cause that the material was obscene pursuant to Ala. Code § 13A-12-200.1, and issued a search warrant.

---

[1] The State filed an "Objection to Removal," which the court converted into a Motion to Remand.

On December 13, 2002, the State filed the Complaint in this action and presented to Judge Fielding a representative sample of the evidence seized from Harrison's business pursuant to the search warrant. Again, Judge Fielding found probable cause to believe that such material was obscene. He also found probable cause to believe that Harrison "illegally possessed" the material, and he held that the State had the right to hold the evidence pending the outcome of a criminal investigation.

In its Complaint, the State moved "for a preliminary injunction restraining defendant Harrison or his employees or agents or designees and 'Truckers Gifts, LLC' from engaging in the sell, distribution, . . . [of] certain obscene materials portraying graphic sexual conduct in a like manner as other materials seized from the [defendant]." *See* Compl. at 3-4. The State described Alabama's judicial review process as "in accordance with the standard and proper procedure designed to avoid prior restraint of speech and expression regarding matters reviewable under the First Amendment of the United States Constitution and appropriate constitutional laws associated therewith." *See* Compl. at ¶ 3.

On December 16, 2002, Harrison filed a Notice of Removal with this court. In the Notice, Harrison stated that "the removed cause and his defense of said action and anticipated counterclaims and third-party claims are founded upon a claim or right arising under the Constitution and laws of the United States." Since this case was removed, Harrison has added counterclaims against the State and "third-party claims against Dennis Surrett, the Chief of Police of the City of Lincoln, Alabama, and the City of Lincoln, Alabama." *See* Answer at 6. The State now seeks to have the case remanded.

## MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Russell Corp. v. American Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001). Therefore, federal courts have power to hear only those cases that they have been authorized to hear by the Constitution or by Congress. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The limited nature of federal court jurisdiction has caused the Eleventh Circuit to favor remand of removed cases where federal jurisdiction is not absolutely clear. *Russell Corp.*, 264 F.3d at 1050. The removal statute is to be construed narrowly with doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).

A case may be removed to federal court only if the case could have been brought originally in federal court pursuant to the court's diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a). The determination of whether federal jurisdiction exists must be made on the face of the plaintiff's well-pleaded complaint. *Pacheco De Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). An anticipated or even inevitable federal defense generally will not support removal. *Id.* at 1373 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987)). The burden of establishing federal jurisdiction is placed on the defendant, with all doubts resolved in favor of remand, *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

## ARGUMENTS

### I. Defendant's Position

Harrison notes that the state is seeking to prevent him from selling materials which present obscene material, i.e, "graphic sexual conduct." *See* Compl. at 3-4. However, Harrison contends, Alabama's obscenity law is clearly modeled after the United State Supreme Court's

opinion in *Miller v. California*, 413 U.S. 15 (1973). Indeed, the State has commented several times that this case involves First Amendment protections. *See* Compl. at ¶ 3; Patterson Aff. at 2. In essence, in order to the issue the injunction, the state court will have to determine whether the material is "obscene," as that term has been defined under principles of federal constitutional law, as parroted in Alabama law. Because the State is requesting an essential determination of a federal question under the First Amendment, Harrison argues, its central claim is tantamount to a declaratory judgment action on the allegedly obscene nature of the materials seized and the materials that the State is requesting be enjoined from sale. *See Hyman v. Nationwide Mut.*, 304 F.3d 1179 (11th Cir. 2002) (removal of declaratory judgment action from Florida court to federal district court).[2] Harrison also cites *Red Bluff Drive-In, Inc. v. Vance*, 648 F.2d 1020 (5th Cir. 1981), in which the plaintiffs brought a federal declaratory judgment action to have the State of Texas' obscenity law declared unconstitutional.

## II. Plaintiff's Response

The State acknowledges that *Miller* is applicable, in so far as it defines what type of material a state may regulate. However, the State argues, *Miller* clearly stated that it was not the function of the United States Supreme Court to propose regulatory schemes for the states with respect to obscene material. Indeed, the case went on to say that states are free to define "obscene" for themselves, as long as the requirements of *Miller* are met. Thus, obscenity in essence is a state question, with the First Amendment providing a defense when applicable.

Moreover, questions of removal must be decided based on the plaintiff's well-pleaded

---

[2]Harrison also cites 28 U.S.C. §§ 1441(c) & 2202 to support his position that "any additional relief sought by the State may also be heard by the federal court in this removed action." Those statutes, however, do not provide any subject matter jurisdiction to this court.

4

complaint. *See Merrell Dow Pharm., Inc. v. Thompson*, 106 S. Ct. 3229 (1986). In Alabama, the Attorney General and the District Attorney are empowered under Ala. Code § 13A-12-200.7 to enforce the obscenity laws. These actions cannot be filed in federal court, as there is no applicable federal statute on obscenity. Thus, the State, argues, its "well-pleaded complaint" by definition presents only issues of state law. While Harrison may have a defense based on federal law, he should not be allowed to turn that into a federal question for removal purposes. Otherwise, there would be numerous state laws that would be removable to federal court whenever speech or printed material is involved.

### III. Defendant's Reply[3]

After re-arguing his initial points, Harrison goes on to note that there are exceptions to the well-pleaded complaint rule. He cites extensively from *Little v. Purdue Pharma, L.P.*, 227 F. Supp. 2d 838 (S.D. Ohio), in which the court noted that

> On the other hand, where a plaintiff "artfully pleads" a state claim, in some circumstances a district court may uphold removal even though no federal question appears on the face of the complaint. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). As noted by Professor Miller, there have arisen in the case law two exceptions to the well-pleaded complaint rule. Under one exception, the Supreme Court has held that a state law cause of action actually arises under federal law "where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Board*, 463 U.S. at 9, 103 S.Ct. 2841 (citation omitted). This sentiment represents what has been called the "substantial federal question" doctrine. *See* Miller, *supra* at 1784. This doctrine traces its roots to *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921), and is based on the theory that "[e]ven though state law creates [a plaintiff's] cause of action, its case still might 'arise under' the laws of the United States if a well-pleaded complaint established that its right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties."

---

[3] In his Reply, Harrison concedes that "that the availability of a declaratory judgment action alone, without more, is insufficient to allow removal of a state court action to federal court." *See* Def. Reply Br. at ¶ 2 (citing *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1 (1983)).

*Franchise Tax Board*, 463 U.S. at 13, 103 S.Ct. 2841.

*Little*, 227 F. Supp. 2d at 853. Harrison argues that the Eleventh Circuit follows this "substantial federal question" approach. *See Ayres v. General Motors Corp.*, 234 F.3d 514, 518-19 (11th Cir. 2000). Harrison contends that the above quoted portions of the Complaint and the Patterson Affidavit show that there is a substantial federal question on the face of the State's "well-pleaded" complaint. Finally, Harrison argues, while *Miller* left the states free to regulate obscene material, it did not make the issue of what is and is not obscene no longer a federal question.[4]

## CONCLUSIONS OF THE COURT

As an initial matter, the court notes that the purported counterclaims and third-party claims do not support removal. In *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 122 S. Ct. 1889 (2002), the Supreme Court, in discussing the "well-pleaded complaint" rule, held that "a counterclaim - which appears as part of the defendant's answer, not as part of the plaintiff's complaint - cannot serve as the basis for 'arising under' jurisdiction." 122 S. Ct. at 1894.[5] With regard to the third-party claims, the court finds persuasive the reasoning of the Fifth Circuit in *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320 (5th Cir. 1998). In *Metro Ford*, the court concluded that

> [T]he defendant's third-party claim alleging a federal question does not come within the purview of § 1441 removability. The third-party claim, like a defense or counterclaim, is a pleading by the defendant. The third-party claim does not change the character of the plaintiff's complaint any more than does the defendant's other pleadings. Thus, the federal question alleged in the defendant's

---

[4] Harrison also argues that the court should strike paragraphs 1-4 of the State's brief. *See* Reply Br. at 6-7.

[5] While *Holmes Group* dealt with a specific federal statute not implicated here, the Court in footnote 2 noted that the well-pleaded complaint rule also applied to removal under § 1441.

third-party claim does not, in and of itself, confer jurisdiction upon the federal court.

*Id.* at 327 (footnotes omitted).

As to the initial Complaint filed by the State, the court concludes that there is no basis for removal. As noted above, "an anticipated or even inevitable federal defense generally will not support removal." *Pacheco De Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987)). Moreover, the Supreme Court has held that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986) (quoted in *Ayres v. General Motors Corp.*, 234 F.3d 514, 517-18 (11th 2000)).[6]

In this case, Harrison might assert the First Amendment as a defense to the State's Complaint. Indeed, he has. *See* Answer at 4-5. However, even though it may contain the words "First Amendment," there is no "substantial federal question" alleged in the Complaint. While *Miller* has defined what material may be deemed obscene, this case is being prosecuted under Alabama state law. The main issues are factual, not legal. Any law that the state court would have to construe would consist primarily, if not solely, of an Alabama statute and appellate cases from the Alabama state courts. While the First Amendment may find its way into this case, *Pacheco* and *Thompson* make clear that this is not enough. As the State notes, a contrary ruling

---

[6] The cases cited by Harrison are distinguishable. In *Hyman*, the issue was whether an insurance policy covered the losses associated with liability for violating the Lanham Act. The court in *Hyman* simply stated that the defendant "obtained removal." Given that the case applied Florida law and involved an insurance contract, the court assumes that the federal court's jurisdiction was based on diversity. However, even if jurisdiction was based on a federal question, it would have been based on the Lanham Act, a specific federal statute. Neither diversity nor a specific federal statute is present here. The State is not challenging the constitutionality of Alabama's obscenity law, so *Vance* is not analogous either.

7

could result in whole classes of state court cases becoming removable to federal court. Two obvious examples would include libel and slander cases, *see New York Times Co. v. Sullivan*, 376 U.S. 254 (1964) (defining the constitutional limits of liability for libel), and cases where punitive damages are sought. *See BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) (defining the constitutional limits of liability for punitive damages). Congress surely did not intend such a result.

The case is due to be remanded to the Circuit Court of Talladega County, Alabama. An appropriate order will be entered.

This 29TH day of January, 2003.

*/s/ Robert B. Propst*
**ROBERT B. PROPST**
**SENIOR UNITED STATES DISTRICT JUDGE**